FRIEDERICH TRUCK SERVICE, INC., Plaintiff-Appellee, *v.* ILLINOIS COMMERCE COMMISSION, Defendant-Appellant.

(No. 71-301;

Fifth District—September 11, 1972.

William J. Scott, Attorney General, of Chicago, (Peter A. Fasseas, Assistant Attorney General, and Frank R. Martin, Senior Law Student, of counsel,) for appellant.

Delmar O. Koebel, of Lebanon, and William D. Stiehl, of Belleville, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The Illinois Commerce Commission appeals from an order of the trial court of St. Clair County reversing its revocation of a carrier's certificate of public convenience and necessity and directing its reinstatement. The violation charged and proven was failure to file an annual report as required by the Commission's published requirements. The Commission's findings of fact were that the carrier had failed to file an annual report for 1968 and after its Certificate of Public Convenience and Necessity was revoked therefor, operated illegally from January, 1969 to November, 1969. The carrier admitted the former but denied the latter on the grounds that it had no actual notice of such revocation.

Although a violation was proven, the Commission's description thereof as one "in complete defiance of the Commission" was not supported by evidence and contrary to the fact conceded by appellant that the carrier had offered to correct his violation by filing the required annual report.

The Act empowers the Commission to select and apply one or more of a number of remedial actions in cases of failure to comply with the law or orders, rules or regulations promulgated thereunder. (Ill. Rev. Stat. ch. 95½, pars. 18—308, 18—801.) Hence, it is apparent that there are alternatives to revocation in cases such as this one.

The action taken, analogous almost to capital punishment in its severity as a business regulation, was overly drastic in view of the nature of the offense involved.

The trial court's reversal of the revocation is affirmed and the matter is remanded to the Illinois Commerce Commission for action consistent with this opinion.

Affirmed in part and remanded with directions.

EBERSPACHER and CREBS, JJ., concur.